JAMES P. KERNOCHAN et al., as Trustees, etc., Respondents, *v.*
CHARLES W. RUSSELL, Appellant.

APPEAL from an order of the general term of the City Court of the city of New York, reversing an order of the Special Term and adjudging the defendant guilty of contempt of court.

Hoelljes & Sykes, for appellant.

William H. Sage, for respondents.

Scott, J. The parties have agreed by stipulation that the sole question to be passed upon on this appeal is whether the defendant was guilty of contempt for violation of the injunction contained in the order of November 16, 1891. This precludes the discussion of any questions of procedure and regularity. That the defendant was the owner of the stock prior to August 1, 1888, is admitted. It was then pledged with the First National Bank as security for a loan. The defendant was still the owner of it when the order of November 16, 1891, was served upon him, unless he had parted with the ownership in some way. He claims to have made a gift of it to his wife. His and her evidence upon this point is open to grave suspicion, and the general term were quite justified in discrediting it. Even upon his own showing, however, he fails to make out a case of a perfected gift. It is essential to the validity of a gift *inter vivos* that it shall be accompanied by either actual or constructive delivery, or shall be evidenced, in case of a chose in action, by a written assignment. It does not appear that the alleged gift to the wife was thus perfected, or evidenced until after the service of the restraining order. The length of time which elapsed between the service of the restraining order, and the delivery of the stock to the wife might cause us to hesitate to affirm the conviction for contempt, if it appeared that the technical contempt had been inadvertent. The defendant does not, however, undertake to justify his action by alleging that he had forgotten or overlooked the fact that he rested under a restraining order, but seeks immunity solely by reliance upon an improbable story, at variance with his own declaration upon the subject.

The order of the general term was right, and should be affirmed, with costs.

McAdam, P. J., and MacLean, J., concur.

Order affirmed, with costs.